## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 19-CR-20018** |
| | ) | |
| **STEVEN L. BOND,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER AND OPINION

This matter is now before the Court on Defendant Steven L. Bond's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 90. For the reasons set forth below, Defendant's motion is DENIED.

## BACKGROUND

Defendant was indicted for possession of oxycodone and hydrocodone with intent to distribute in violation of 18 U.S.C. §§ 841(a) and (b). ECF No. 11. Defendant acquired pharmaceuticals through both legal prescriptions and illegal sources, which he distributed regularly from 2010 to the time of his arrest in 2019. Defendant ultimately entered into a plea agreement where he pled guilty to all counts of the Indictment in return for a lower sentence. *See* ECF Nos. 40, 44; *Min. Entry* on 05/17/2021. Defendant was sentenced to 88 months' imprisonment, to be followed by a 3-year term of supervised release. *Min. Entry* on 04/11/2022. Defendant's confinement began July 5, 2022, at FCI Terre Haute. *Id.*; ECF No. 70 at *6.

Shortly after his confinement began, Defendant filed a first motion for compassionate release on October 3, 2022 (the "First Motion for Compassionate Release"). ECF No. 60. The First Motion for Compassionate Release was denied after this Court found that Defendant's health

conditions and medical treatment at FCI Terre Haute did not constitute an "extraordinary and compelling" circumstance warranting early release, and that the remaining § 3553(a) factors did not support a reduction in his sentence. ECF No. 88. The Court specifically noted that Defendant "has only been incarcerated a handful of months of his overall 88-month sentence, which would be considerably lower than those engaged in similar conduct." *Id.*

Defendant then filed the presently pending second motion for reduction in sentence pursuant to 18 U.S.C. § 3582 (the "Second Motion for Compassionate Release"). ECF No. 90; *see also* ECF No. 92 (memorandum in support). In his Second Motion for Compassionate Release, Defendant provides that he been transferred to FCI Forrest City Law ("FCI Forrest City"). *See* ECF No. 92. The Government filed a response arguing that Defendant has not exhausted his administrative remedies, and even if he had, his arguments lack merit. ECF No. 99. Defendant filed a reply. ECF No. 101. This matter is fully briefed, and this Order follows.

## LEGAL STANDARD

Generally, a sentence of imprisonment is final and may not be modified once it has been imposed except in narrow circumstances. 18 U.S.C. § 3582(c) (providing that "extraordinary and compelling" reasons must warrant a reduction in sentence). Before filing a motion for compassionate release, a defendant is required to first request that the Bureau of Prisons ("BOP") file a motion on his or her behalf. *Id.* A court may grant a motion only if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a

motion on the defendant's behalf" or after thirty days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

## DISCUSSION

The Government argues that the Defendant has not exhausted his administrative remedies in seeking a second request for compassionate release. The Government filed records indicating that Defendant sent a system message on February 1, 2024, to the administrator of FCI Forrest City, requesting a compassionate release. ECF No. 99-1. The Government argues that the Defendant did not wait the requisite thirty days before filing the Second Motion for Compassionate Release, and that the BOP advised it was still processing Defendant's request. ECF No. 99 at *5–6. Defendant filed a reply but did not address the Government's arguments related to administrative exhaustion or provide further supplemental evidence of administrative exhaustion. Defendant has only provided an administrative request for relief from FCI Terre Huerte, which was issued September 8, 2022, and used in support of his First Motion for Compassionate Release. ECF No. 92-5.

Courts have recognized that "[e]xhaustion is required each time a defendant seeks compassionate release." *United States v. Farmer*, No. 2:15-CR-72, 2023 WL 4580025, at *1 (N.D. Ind. July 18, 2023) (internal citations omitted); *see, e.g.*, *United States v. Cain*, No. 1:16-CR-00103-JAW-1, 2021 WL 388436, at *4 (D. Me. Feb. 3, 2021) ("Successive compassionate release motions must independently satisfy the exhaustion requirement.") (collecting cases). This is because, following the enactment of the First Step Act of 2018, a warden is now provided thirty days to review each specific request, and then articulate its decision and rationale for granting or denying the request, thereby giving the district court the benefit of the BOP's input. *United States v. Wilson*, No. 1:08-CR-67-HAB, 2023 WL 2523416, at *2 (N.D. Ind. Mar. 14, 2023) (citing

*United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2021)).  The exhaustion requirements are an affirmative defense, and once properly invoked, apply mandatory claim-processing rules that must be enforced.  *See United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021).

Here, the Government invoked the exhaustion defense in its briefing.  Defendant relies on the administrative exhaustion from his First Motion for Compassionate Release, attaching a response from FCI Terre Huerte from September 8, 2022.  *See* ECF No. 92 at 3–4 (noting that Defendant submitted a request to the warden at FCI Terre Haute); ECF No. 92-5 (Terre Huerte response).   Yet Defendant is now confined at FCI Forrest City, and his First Motion for Compassionate Release was denied.  *See* ECF No. 88.  Defendant provides no new evidence of administrative exhaustion from the warden at FCI Forrest City, who's treatment he challenges in the currently pending Second Motion for Compassionate Release.   Further, the Government attached a request Defendant submitted to FCI Forrest City on February 1, 2024, just nineteen days before he filed his Second Motion for Compassionate Release, which shows he did not wait for a BOP response or fully exhaust his administrative rights to appeal.  ECF No. 99-1.  Defendant, therefore, has not satisfied the administrative exhaustion requirements, and has not supplemented his pleadings or furnished proof of exhaustion in his reply.  *See United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021) ('The exhaustion requirement is designed to allow the Bureau to bring "a motion on the defendant's behalf,' before he moves on his own behalf.") (citing § 3582(c)(1)(A)). Defendant's Second Motion for Compassionate Release must therefore be dismissed for failure to exhaust administrative remedies with the BOP.

**CONCLUSION**

For the reasons set forth above, Defendant's [90] Second Motion for Compassionate

Release is DISMISSED WITHOUT PREJUDICE.

ENTERED this 14th day of May, 2024.

s/ Michael M. Mihm
Michael M. Mihm
United States District Court Judge