UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 19-cr-20018 |
| STEVEN L. BOND, | ) ) ) |
| Defendant. | ) |

**ORDER AND OPINION**

This matter is now before the Court on Defendant Steven L. Bond's Renewed Second Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). (D. 104). For the reasons set forth below, Defendant's Motion is DENIED.

**I.    BACKGROUND**

Defendant was indicted for possession and intent to distribute oxycodone and hydrocodone in violation of 18 U.S.C. §§ 841(a)(1) and (b)(1)(C). (D. 11). Defendant acquired pharmaceuticals through both legal prescriptions and illegal sources, which he distributed regularly from 2010 to the time of his arrest in 2019. On May 17, 2021, Defendant entered a plea of guilty to Counts 1 and 2 of the indictment pursuant to a plea agreement and in return for a lower sentence. (*See* D. 40 and D. 44); *Min. Entry* on 05/17/2021. For sentencing purposes, Defendant was found responsible for 145.2 grams of oxycodone, .02 grams of methadone, 7.68 grams of hydromorphone, 108.81 grams of hydrocodone, .42 grams of morphine, and .01 units of a schedule 4 substance. (D. 51, pp. 7–8). On April 11, 2022, Defendant was sentenced to 88 months' imprisonment on both Counts, to be served concurrently, to be followed by a 3-year term of supervised release. *Min. Entry* on 04/11/2022. Defendant's confinement began July 5, 2022, at FCI Terre Haute. *Id.*; (D. 70, p. 6).

Defendant filed a first motion for compassionate release on October 3, 2022, which was denied on January 23, 2023, after the Court found that Defendant's health conditions and medical treatment at FCI Terre Haute did not constitute an "extraordinary and compelling" circumstance warranting early release, and that the remaining § 3553(a) factors did not support a reduction in his sentence. (D. 88). The Court specifically noted that Defendant "has only been incarcerated a handful of months of his overall 88-month sentence, which would be considerably lower than those engaged in similar conduct." *See id.*

On February 20, 2024, Defendant filed second motion for compassionate release, (D. 90), which the Court dismissed without prejudice on May 14, 2024, for failure to exhaust administrative remedies, (D. 103). Defendant has now filed a Renewed Second Motion for Compassionate Release, in which he argues that "extraordinary and compelling" reasons for compassionate release exist because: (1) there has been a major change in his medical condition because he is not receiving adequate care and treatment; and (2) his wife's caner has advanced to the critical stage and there are no other family members who are available to provide full-time care and assistance to her. (D. 104). The United States opposes the motion, (D. 106), and Defendant has filed a reply, (D. 108). That motion is now ripe for the Court's consideration.

## II.    LEGAL STANDARD

"[A] judgment of conviction that includes . . . a sentence [of imprisonment] constitutes a final judgment" that can be modified in only certain enumerated circumstances. 18 U.S.C. § 3582(b). As relevant here:

> [a] court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . . after considering the factors set forth in section 3553(a) to the extent that they are

applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id.* § 3582(c)(1)(A). "[T]he movant bears the burden of establishing extraordinary and compelling reasons that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021) (quotation marks omitted). If a court finds that "extraordinary and compelling" reasons exists and that the defendant is not a danger to the safety of any other person or to the community, it goes on to consider the sentencing factors in 18 U.S.C. § 3553(a), "to the extent that they are applicable." U.S.S.G. § 1B1.13(a).

### III. DICUSSION

The Government agrees that the exhaustion requirements have been met; therefore, the Court will now address this matter on the merits.

**A. Defendant's Medical Conditions and Treatment**

Defendant seeks compassionate release "in light of the BOP's denial of adequate medical care, U.S.S.G. § 1B1.12(b)(2)(C)." (D. 104, p. 1). There is no U.S.S.G. § 1B1.12(b)(2)(C). To the extent Defendant intended to reference U.S.S.G. § 1B1.13(b)(1)(C), that provides that an "extraordinary and compelling" reason for release may exist if "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." The extent of Defendant's argument is that "[t]here has been a major change in defendant's medical condition in that he is not receiving adequate medical care and treatment, and the BOP is not following through on outside medical service." (D. 104, p. 2).

Defendant's Motion does not identify which "major change" occurred in his medical conditions, but his request to the BOP for compassionate release states that his medical conditions

3

include mononeuropathy, hypertension, GERD, migraines, spinal stenosis which has worsened, osteoarthritis, bipolar disorder, vitamin D deficiency, and cataracts. (D. 106-1). A careful review of the 600+ pages of Defendant's medical records do not show that Defendant is suffering from a medical condition that requires "long-term" or "specialized" care that is not being provided by the BOP. (*See* D. 107 and D. 107-1). Regarding Defendant's claim that his spinal stenosis is worsening, that condition is not terminal. There is also no evidence, beyond Defendant's subjective complaints, that his condition causes serious functional impairment, or that his capacity for self-care has been diminished. *See* U.S.S.C. § 1B1.13(b)(1). There are also various treatment options for this chronic condition, and Defendant's medical records show that he is receiving regular care and treatment. (*See* D. 107 and D. 107-1). The BOP has also made accommodations for Defendant such as placing him on a cell on the ground floor and assigning him a lower-level bed. (D. 107 and 107-1, pp. 60, 228, 510). Defendant's continued disregard of medical providers instructions has continued to contribute to his medical problems. For example, despite being told not to, Defendant continued to misuse his walker by sitting on it which resulted in it breaking and him falling and hurting his back. ((D. 107, p. 16); (*see also* D. 88). Ultimately, the Court does not find that Defendant's medical conditions and treatment constate an "extraordinary and compelling" reason to justify release.

### B. Familial Circumstances

Defendant also argues for release due to his wife's cancer diagnosis that is "advancing to the critical stage," and because "[t]here are no other family members who are available to provide full-time care and assistance." (D. 104, p. 2). The Sentencing Guidelines permit a court to find that extraordinary and compelling reasons for release exist where a defendant's spouse is incapacitated, and the defendant would be the only available caregiver. U.S.S.G. § 1B1.13(b)(3)(B). Defendant

has not provided any evidence that his wife is incapacitated. *See United States v. Gross*, 2024 WL 4100325, at *3 (N.D. Ind. Sept. 5, 2024) ("Incapacitation" under § 1B1.13(b)(3) has been defined as meaning "that the individual is 'completely disabled' and 'cannot carry on any self-care'" or "is totally confined to a bed or chair."). Defendant also claims that he is the only person available to take his wife to doctor appointments and treatment because his sister-in-law and granddaughter who were helping have died. Even if they are no longer available, Defendant has the burden of showing there is no other option. *See United States v. Villar*, 2024 WL 2939018, at *4 (N.D. Ill. June 11, 2024). Defendant admits that they have a son but claims that he is unavailable because of work. That is not enough to show that he is truly unavailable. Defendant also has not included any information regarding available financial resources or eligibility for public benefits that could be utilized and has not explained why no other friends or family are available to help. *See id.*

In sum, Defendant has not shown that his wife is incapacitated and that he is the only available caregiver. Therefore, the is no "extraordinary and compelling" reason to warrant a sentence reduction under U.S.S.G. § 1B1.13(b)(3)(B).

### C.  § 3553(a) Factors

Having determined that Defendant has not presented an "extraordinary and compelling" reason for release, the Court need not consider the § 3553(a) factors. *See Thacker*, 4 F.4th at 576 ("Upon a finding that the prisoner has supplied [an "extraordinary and compelling"] reason, the second step of the analysis requires the district court, in exercising the discretion conferred by the compassionate release statute, to consider any applicable sentencing factors in § 3553(a) ....") (emphasis added). However, even assuming Bond had presented an "extraordinary and compelling" reason for release, the sentencing factors in 18 U.S.C. § 3553(a) still weigh against granting his motion. The offense in this case was serious. It involved many years of Defendant

5

distributing highly addictive and dangerous drugs. The sentence imposed is appropriate and necessary to deter this criminal and protect the public from more of the same. Releasing Defendant today, when he has over 2.5 years left to serve on his sentence, would not promote respect for the law or provide just punishment for the offense. *See United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022) (the district court needs to identify "just one good reason" for denying the motion); *see also United States v. Cobb*, 2024 WL 4499765, at * 1 (7th Cir. 2024) (finding that the court provided more than "one good reason," weighed against release based on the seriousness of the crime and the substantial time remaining on defendant's sentence).

## IV.    CONCLUSION

For the reasons set forth above, Defendant's [104] Renewed Second Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) is DENIED.

ENTERED this 10th day of February 2025.

s/ Michael M. Mihm  
Michael M. Mihm  
United States District Court Judge